·THE PELICAN INSURANCE COMPANY v. TROY CO-OPERATIVE ASSOCIATION.

No. 6665.

**Fire Insurance Policy — Hurricane.** — Suit on a policy containing the provisions: "(1) This company shall not be liable for any loss or damage by fire caused by means of a hurricane. (2) If the building shall fall except as the result of a fire all insurance of this company on it or its contents shall immediately cease and determine." The fire occurred during or immediately following a severe hurricane which at least partially blew the house down. The evidence tended to show that the fire started from a lamp broken by falling timbers. *Held:*

1. It devolved upon plaintiff to show that the fire did not occur from any of the excepted causes.

2. Burden of proof was upon plaintiff to prove a loss, and also that it arose from causes insured against.

3. It was error to refuse a charge, "If you believe from the evidence that the fire was caused by a hurricane, then you will find for the defendant. A hurricane is a storm or wind of extraordinary violence—sufficient to blow down buildings."

4. This issue was made by a general denial.

5. It was error to charge, "If the jury found that the building as such was not destroyed by wind, but was destroyed by fire, then find for plaintiff."

APPEAL from Bell. Tried below before Hon. W. A. Blackburn. The opinion contains a statement.

*Shepard & Miller,* for appellant. — 1. The court erred in refusing to give to the jury the second special instruction asked by the defendant, namely: "By the fall of a building you are not to understand that there must be a complete prostration of the entire building. If, through the force of the wind, the walls or part thereof had fallen in to such an extent as to destroy the building as a building or to cause it to lose its identity as a building, or if the injury was such that the building ceased to be capable as it stood of being used for its former purposes, the defendant is not liable;" because this instruction was directly applicable to the facts of the case. Ins. Co. v. Garlington, 66 Texas, 103; Ins. Co. v. Fogarty, 19 Wall., 640; Huck v. Ins. Co., 127 Mass., 306; Williams v. Ins. Co., 54 Cal., 442.

2. The court erred in refusing to give to the jury the instruction asked by the defendant, namely: "The policy in this case provides that the defendant shall not be liable for any loss or damage by fire caused by a hurricane. If you believe from the evidence that the fire was caused by a hurricane, then you will find for the defendant. A hurricane is a storm or wind of extraordinary violence, sufficient to throw down buildings." 1 Wood on Ins., sec. 104, p. 248; Waldeck v. Ins. Co., 53 Wis., 129; Ins. Co. v. Dorsey, 56 Ind., 70; Ins. Co. v. Tweed, 7 Wall., 44.

3. The court erred in refusing to give the jury the fifth instruction asked by the defendant, namely: "The burden of proof is upon the

plaintiff in this case to show by a preponderance of evidence that the fire was not caused by the fall of the building nor the hurricane." 1 Wood on Fire Ins., sec. 123; Soheir v. Ins. Co., 11 Allen, 336; Clark v. Ins. Co., 36 Cal., 168.

*Montieth & Furman*, for appellee.—1. While the policy sued on does contain the provision "this company shall not be liable for any loss or damage by fire caused by means of hurricane," yet this provision was not pleaded by appellant. 2 Wood on Fire Ins., pp. 1141, 1143; Banking Co. v. Stone, 49 Texas, 4; Harvey v. Cummings, 68 Texas, 599; Fogg v. Griffin, 2 Allen, 1; Mayor & Co. v. Ins. Co., 4 Keyes, 465; Weed v. Ins. Co., 7 Laws. (N. Y.), 452; Maker v. Ins. Co., 6 Hand, 353; Cassicia v. Ins. Co., 28 Cal., 628.

2. The court did not err in refusing to grant appellant's motion for a new trial on the ground that the verdict is contrary to and against the evidence. 1 Wood on Fire Ins., sec. 121; Ins. Co. v. Congregation Rodoph Sholem, 80 Ill., 558; Hack v. Ins. Co., 127 Mass., 306; Nave v. Ins. Co., 37 Miss., 430; 51 Cal., 101; Dow v. Ins. Co., 127 Mass., 346; Ins. Co. v. Garlington, 66 Texas, 103.

3. The court did not err in refusing to charge the jury as requested by defendant: "That the policy in this case provides that the defendant shall not be liable for any loss or damage by fire caused by a hurricane. If you believe from the evidence that the fire was caused by a hurricane, then you you will find for defendant. A hurricane is a storm or wind of extraordinary violence, sufficient to throw down buildings." Because this question was not raised by the pleadings and was not in issue. 2 Wood on Fire Ins., pp. 1141, 1143; Banking Co. v. Stone, 49 Texas, 4; Harvey v. Cummings, 68 Texas, 599; Fogg v. Griffin, 2 Allen, 1; Mayor & Co. v. Ins. Co., 4 Keyes, 465; Cassicia v. Ins. Co., 28 Cal., 628.

STAYTON, CHIEF JUSTICE.—This action was brought by appellee on two policies of insurance covering risks on store house and merchandise. The petition alleged the destruction of the property and the policies were made exhibits.

Each policy contains the following provisions: "(1) This company shall not be liable for any loss or damage by fire caused by means of hurricane. (2) If the building shall fall, except as the result of a fire, all insurance of this company on it or its contents shall immediately cease and determine."

The fire occurred during or immediately following a severe hurricane, which at least partially blew the house down, and there was evidence tending strongly to show that the fire had its origin in the breaking of a lamp by falling timbers.

The provisions of the policy above noticed are exceptions to the general

liability assumed by appellant, and the petition should have averred that the fire did not occur from one of the excepted causes. This was necessary to show a cause of action, for the company did not insure against loss resulting from a fire caused by a hurricane, nor were its policies binding at all for a loss caused by fire occurring after the fall of the house unless the fall was caused by fire, for the parties had contracted that in that event the contract of insurance should not longer be operative.

The answer alleged that the house had been blown down by hurricane before the fire occurred, but did not expressly allege that the fire was so caused and that the company for this reason was not liable. The burden of proof was on the plaintiff to show not only that its property was destroyed by fire, but also to show that the loss occurred from a fire which the defendant had insured against.

It is doubtful if the petition, even with the policies made exhibits, stated a cause of action; but if it did it certainly could not be permitted to recover without proof necessary to support it. If the proof showed or tended to show with reasonable certainty that the house was blown down and afterwards destroyed by fire, it was the duty of the court, as was done, to submit to the jury whether the house fell from some other cause and was afterwards, with contents, destroyed by fire. That question was submitted and decided by the jury adversely to the defendant, and it is insisted that the court erred in refusing to grant a new trial on the ground that the evidence conclusively showed that the house was blown down and afterwards destroyed by fire. There was much evidence tending to show such a state of facts, but in view of the next matter to be noticed it is not now necesary to pass on this question. If the proof, as it certainly did, tended to show that the fire was caused by hurricane, then the court should have submitted that issue to the jury.

Appellant asked the following instruction: "The policy in this case provides that the defendant shall not be liable for any loss or damage by fire caused by a hurricane. If you believe from the evidence that the fire was caused by a hurricane, then you will find for the defendant. A hurricane is a storm or wind of extraordinary violence, sufficient to throw down buildings," Which was refused, although no charge on the subject had been given.

Counsel for appellee justify the refusal of the court to give this charge on the ground that the pleadings of the defendant did not raise the issue.

If appellee's petition stated a cause of action at all, it is because its averments amount to a statement that the property was destroyed by a fire which came within the risks assumed by appellant, and the general denial put that in issue, and the charge should have been given.

The court further erred in not instructing the jury that the burden of proof was upon the plaintiff to show by the preponderance of evidence that the fire was not caused by the fall of the building nor by hurricane.

Such a charge was requested and refused when there was evidence which made such a charge proper.

The charge given informed the jury if they found "that the building as such was not destroyed by wind, but was destroyed by fire, then you will find for plaintiff."

This was not the law of the case made by plaintiff's pleadings, if they made a case at all.

The policies made parts of the petition showed what risk appellant assumed and what it did not, and there was much evidence tending to show that the loss occurred from causes which would not fix liability upon appellant.

For the reasons stated, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered May 6, 1890.