PHŒNIX INSURANCE COMPANY V. BOREN, DAVIDSON & STEWART.

No. 3336.

**Policy of Insurance—Pleadings—Exceptions.**—An insurance policy excepted from its obligation losses to the goods insured caused by invasions, riots, etc. A fire occurred and the insured stock was consumed. Suit upon the policy, the petition making it an exhibit. The petition did not negative the loss by the excepted causes. Demurrer was pleaded to it, but was not acted upon. When the policy was offered in evidence, it was objected to because not alleged; an absolute promise to pay being declared on, while the policy was but conditional. The court overruled the objection. Judgment for the plaintiff. On appeal, *held:*

1. As the policy did not bind the company to pay a loss resulting from fire however caused, the petition should have alleged that the fire was not the result of a cause for which the company had expressly refused to be liable.

2. But by not calling for action upon the demurrer the company waived the defect.

3. The company knew that plaintiffs based their action on the policy made an exhibit to the petition, and must have understood that it would be offered in evidence; in such cases neither variance nor surprise can be claimed.

APPEAL from Dallas. Tried below before Hon. CHAS. FRED. TUCKER.

The opinion gives a statement.

*Leake, Shepard & Miller,* for appellant.—The court erred in admitting in evidence, over the objection of the defendant, the policy of insurance issued by the defendant to W. E. Jones, because it appeared from the allegations of the petition that the cause of action sued upon was an unconditional promise on the part of the defendant to pay the loss in the event of the destruction of or damage to the property by fire, and because it appeared from the policy of insurance offered in evidence that the promise of the defendant was a conditional promise to pay; it appearing from the policy of insurance that the defendant was not liable for loss by fire originating from invasions, insurrections, civil commotion, foreign enemies, riots, military or usurped power, or by order of the civil authorities; it appearing that the cause of action declared upon and set forth in the petition was different from the policy of insurance offered in evidence in support thereof; the allegation of the petition being an absolute promise to pay and the policy of insurance being a conditional promise to pay. Ins. Co. v. Co-operative Assn., 77 Texas, 227.

*Robertson & Coke,* for appellees.—There can be no variance between the averment and the proof when the written instrument, or a copy of it, is made an exhibit to the pleading. Peters v. Crittenden, 8 Texas, 133; 5 Texas, 382; 25 Texas Sup., 159; 46 Texas, 213; 64 Texas, 287; 71 Texas, 380; 75 Texas, 87; 78 Texas, 571.

STAYTON, CHIEF JUSTICE.—This action was brought by appellees to recover upon a fire policy issued to W. E. Jones on a house and stock of goods, which was assigned by Jones to them. The policy contained clauses which made it inapplicable to a loss resulting from fire, if this occurred from invasions, insurrections, civil commotion, foreign enemies, riots, military or usurped power, or by order of the civil authorities; and while the petition alleged that the property was destroyed by fire, it did not allege that the fire was not occasioned by one of the causes above enumerated. The policy, however, was made an exhibit to the petition.

Appellant answered by a general demurrer, general denial, and other special defenses, but did not have any ruling on its demurrer; but when the policy was offered in evidence, objected to its introduction, on the ground that it was evidence of a cause of action other than alleged in the petition, in that the petition alleged an absolute promise to pay if the property was destroyed by fire, while the policy contained a promise to pay if the property was destroyed by fire not originating from any of the causes for which the company was exempted from liability by the terms of the policy.

This objection was overruled, and this is assigned as error. As the policy did not bind the company to pay a loss resulting from fire however caused, the petition should have alleged that the fire was not the result of a cause for which the company had expressly refused to be liable. Ins. Co. v. Co-operative Assn., 77 Texas, 225; May on Ins., 723. The policy, however, would sustain an action on a loss resulting from fire, and the defect in the petition consisted in the want of negative averments that the loss did not occur through a fire not insured against, and we are of opinion that by not calling for action on its demurrer appellant waived it, and the question on this branch of the case is, Did the introduction of the policy operate as a surprise to appellant? Appellant knew that plaintiffs based their action on the policy made an exhibit to the petition, and must have understood that it would be offered in evidence, and in such cases neither variance nor surprise can be claimed. Beham v. Ghio, 75 Texas, 87; Mast v. Nacogdoches County, 71 Texas, 386; Longley v. Caruthers, 64 Texas, 288; Spencer v. McCarty, 46 Texas, 213; Pyron v. Grinder, 25 Texas Sup., 159. If the petition had stated a cause of action which the policy in no event would have supported, then the objection to its introduction should have been sustained; but this was not the case.

It is urged that the verdict is contrary to the evidence, in that it is claimed that the preponderance of the evidence showed that the property was purposely fired by the insured, or by some other person with his consent, in order to collect the insurance; and further, that the verdict is excessive. If we look only to the evidence introduced by defendant it would be sufficient to sustain both of these propositions; but

the evidence offered by plaintiffs is sufficient, if believed, to justify the verdict, and in such cases it is well settled that this court can not set the verdict aside.

It would serve no useful purpose to state and discuss the evidence for the respective parties, and the judgment will be affirmed.

*Affirmed.*