COYLE et al. v. PALATINE INS. CO., Limited. (No. 161—3151.)

(Commission of Appeals of Texas, Section B. June 23, 1920.)

1. Insurance ☞646(6)—Burden on insured to show loss not excepted from policy.

Under a policy insuring against damage by tornado, windstorm, or cyclone, expressly excepting from the risk any loss or damage through tidal wave, high water, or overflow, and damage caused by water or rain, whether or not driven by the wind, burden was on insured to show that loss was not among those excepted.

2. Insurance ☞423—Loss by wind and water excluded by stipulation from policy covering only damage by wind.

A policy insuring against damage by tornado, windstorm, or cyclone, expressly excepting damage through any tidal wave, high water, or overflow, and damage caused by water or rain, whether driven by wind or not, covered only losses resulting from wind and no other cause, and parties having stipulated it was impossible to determine to what extent wind and water were factors in causing a loss, it was excluded from indemnity provided.

Error to Court of Civil Appeals of First Supreme Judicial District.

Action by B. A. Coyle and others against the Palatine Insurance Company, Limited. To review judgment for plaintiffs, defendant brought error to the Court of Civil Appeals, which affirmed in part, and reversed and rendered in part (196 S. W. 560), and plaintiffs bring error. Judgment of the Court of Civil Appeals affirmed on separate opinion approving that of the Commission of Appeals.

Stewarts and Albert J. De Lange, all of Galveston, for plaintiffs in error.

Williams & Neethe, of Galveston, and Locke & Locke, of Dallas, for defendant in error..

SADLER, P. J. The opinion of the Court of Civil Appeals will be found in 196 S. W. 560, wherein is given a full statement of the issues and evidence requisite to an understanding and decision of the two fundamental propositions presented in the petition for writ of error. We do not think it necessary to restate the record, except in so far as it may be germane to a clearer understanding of the questions decided. The contract provides that the insurance company "does insure * * * against all direct loss or damage by tornado, windstorm, or cyclone, except as hereinafter provided, * * *" and provides:

"This policy is made and accepted subject to the foregoing stipulations and conditions and to the following stipulations and conditions printed on the back hereof, which are hereby specially referred to and made a part of this policy."

Among the stipulations germane printed on the back of the policy are these:

"This company shall not be liable for any loss or damage * * * occasioned directly or indirectly by or through any * * * tidal wave, * * * high water, overflow, or cloudburst;" and, second, "for any loss or damage caused by water or rain, whether driven by wind or not, unless the building insured * * * shall first sustain an actual damage to the roof or walls of same by the direct force of the wind, and shall then be liable only for such damage to the interior of the building * * * as may be caused by water or rain entering the building through openings in the roof or walls made by the direct action of the wind."

It was agreed that the loss and damage to the building, caused solely by the direct action of the wind, independently of water in any form whatever, was $500; further, that the loss or damage to the interior of the building, caused by water or rain entering the same through openings in the roof or walls, made by the direct action of the wind alone, independent of water in any form whatever, was $660. These items are not in controversy. It is conceded that the policy covers this damage. The item in dispute is the stipulation in the agreed statement:

"That the loss and damage to the said building, exterior and interior, resulting from the combined action of wind and water in whatever form, omitting damage to the interior included in the next preceding item of this award, was $3,352.43."

As to this last item of damage, it was agreed:

That the "committeemen appointed by the parties to this suit in pursuance of a written agreement referred to in the preceding paragraph have found that certain loss or damage resulted from the 'combined action of wind and water.' It is agreed that as to such loss or damage so found by the committeemen it is impossible to determine to what extent each was an element or factor with the other in causing such loss or damage."

The cause was tried upon stipulated agreement of facts about which no question is raised.

The trial court rendered judgment in favor of the insured for the full amount of the three items of damage above mentioned. The insurer brought the judgment for review to the Court of Civil Appeals by writ of error upon the proposition that the policy of insurance did not cover the item of damage caused by the "combined action of wind and water." The Court of Civil Appeals sustained the contention of the insurance company in this particular, and to that judgment writ of error has been granted upon two propositions made by plaintiffs in error: (a) That the Court of Civil Appeals erred in placing the burden of proof upon the insured to show that the dam- age in question was chargeable directly to the force of the wind; and (b) in holding that under the facts the wind was not the direct proximate and predominant cause of the damage.

By the notation before us the Supreme Court on January 11, 1918, granted the writ in the view that—

"The effect of the decision is to put upon the insured the burden of proving that the loss did not fall within the exception of the policy. The contrary in our opinion is the law."

However, it appears that thereafter the application was referred to the committee of judges, who on May 27, 1918, granted the writ with the notation that— ·

"The burden was on the insurance company to show that the damage fell within the exception of the policy. This it did not do. In our opinion the Court of Civil Appeals erred in not so holding."

### Opinion.

We have given the question presented the most careful consideration. It appears that in Travelers' Accident Insurance Co. v. Sallie Lou Harris, on October 11, 1916, the Supreme Court granted an application for writ of error, with the notation that—

"We think the court erred in imposing upon the defendant the burden of proving that the accident was within the exceptions of the policy. 77 Tex. 225."

Thereafter this section of the Commission held that the burden of proof rested upon the insured in that case to show that her cause of action did not fall within the excepting clause, which holding was approved by the Supreme Court. 212 S. W. 933.

Paraphrasing the policy of insurance in the instant case:

It "does insure * * * against all direct loss or damage by tornado, windstorm or cyclone, except for any loss or damage caused by water or rain, whether driven by wind or not, unless the building insured * * * shall first sustain an actual damage to the roof or walls of same by the direct force of the wind, and shall then be liable only for such damage to the interior of the building * * * as may be caused by water or rain entering the building through openings in the roof or walls made by direct action of the wind, and except for any loss or damage * * * occasioned directly or indirectly by or through any * * * tidal wave, high water, overflow, or cloudburst."

In order to determine where the burden of proof rests under such policy, it is material to inquire whether under proper construction the policy insures generally against wind damage, and the excepting provisions take something out of the general contract of insurance by way of defeasance or excuse, or whether the contract covers only what is left

after satisfying the conditions; that is, do the conditions and exceptions excuse or defeat the general promise, or do they limit the extent of the promise?

Without further discussion, in our opinion the contract under consideration falls clearly within the rule reannounced in Travelers' Accident Insurance Co. v. Harris, supra, and is controlled by the authority sustained by the cases cited in that opinion. In further support of this view, in addition to the authorities cited in the opinion of the Court of Civil Appeals in this case, we call attention to Newark Trust Co. v. Agricultural Insurance Co., 237 Fed. 788, 150 C. C. A. 542, by the Circuit Court of Appeals of the United States for the Third Circuit. In that case a contract of insurance practically identical with that under consideration, and containing the identical clauses evidencing the limitation of the promise as are those in the policy under consideration, is construed. The holding there is in accord with the settled authority of this state.

The defendant in error in a very interesting and instructive argument insists, that regardless of where the burden of proof is placed, the facts show that the damage in question must be charged to the direct action of the wind; that under the facts it is shown that the wind was the direct, proximate, and efficient cause of the damage; indeed, but for the wind, the water would not have produced the injury. It would probably be necessary to consider this question if we were not precluded by the stipulation of the parties contained in the agreed statement of facts. The fourteenth paragraph of the agreement precludes the decision of this question. It is there agreed that it is impossible to determine to what extent, in the damage caused by the combined action of wind and water, each was an element or factor with the other in causing such loss or damage. This stipulation applies directly to the item of damage in controversy. The parties at interest, having before them all of the facts which are made to appear in this record, agreed among themselves that it was impossible to determine which element, wind or water, was the direct, proximate, and efficient cause of the damage. We do not think, therefore, that it is necessary or proper to enter into a discussion of this question, since it has been removed from the consideration of the court by the stipulation in the agreement.

We therefore recommend that the judgment of the Court of Civil Appeals be affirmed.

PHILLIPS, C. J. We approve the judgment recommended by the Commission of Appeals, but will state our views of the case.

[1] The risk insured against under the policy being "all direct loss or damage by tornado, windstorm or cyclone," and the policy expressly excepting from such risk "any loss or damage occasioned directly or indirectly by or through any * * * tidal wave * * * high water * * * overflow," and "any loss or damage caused by water or rain, whether driven by wind or not," etc., the burden of proof—had the question been material—would have been upon the plaintiffs to show that their loss was not one thus expressly excepted from the contract. Without such proof, had it been required, evidence of a loss within the terms of the contract would have been incomplete, and hence liability under the contract would not have been established. Such exceptions have not the character of conditions subsequent. They are written into the contract to prevent their subject-matter becoming confused with its general portion. Their effect is to declare that there shall be no liability under the contract which is not clear and independent of them. The burden of establishing such a liability is upon him who asserts it. The matter presented by such exceptions in a contract is therefore not defensive. In its essential nature it is affirmative. It is made so by the terms of the contract. Such is the settled rule in this court. Insurance Co. v. Co-operative Association, 77 Tex. 225, 13 S. W. 980; Insurance Co. v. Boren, 83 Tex. 97, 18 S. W. 484.

But in the present case this is an immaterial question. It is rendered so by the stipulation of the parties as to the facts.

[2] With respect to the damage here in dispute the parties have agreed that it resulted from "the combined action of wind and water," and that "it is impossible to determine to what extent each was an element or factor" in causing it. The effect of this is clearly to exclude the loss in controversy from the indemnity provided by the policy. That indemnity was only against direct loss or damage by the wind. This means, and can only mean, a loss resulting from the wind and no other cause, and fairly capable of establishment as having been so caused. It would make a different contract for the parties to say that it contemplates a loss, not directly due to the wind alone, but to the wind and an expressly excepted cause, combined, with the part for which the wind might be responsible impossible of determination and hence purely speculative. No liability could be adjudged under the policy which was not proven. The effect of the stipulation was to admit that the amount of the disputed loss attributable to the wind—the risk covered by the policy—could not be proven. If so, a loss within the contract was not established.

It may be admitted, as the plaintiffs in error urge, that the wind was the cause of the action of the water. But, as related to the loss in dispute, the contract expressly provided that the insurer was not to be responsible for any damage, whatever, due to the action of water caused by the wind. All part of the loss caused by water, though the water's action was due to the wind, is thus elim-

inated. Therefore, the rule invoked, that where there is no order of succession in time and there are two concurrent causes of a loss in which the damage done by each cannot be distinguished, the predominating cause will be deemed the proximate cause, can have no application. The water as a concurrent cause, or as any element in the cause, which produced the loss, is by the contract put out of the case. There is left, under the stipulation, only the wind as a part of the combined and responsible cause. The extent of its agency or the damage due to its agency, it is admitted, could not be shown. As to the part of the loss caused by the wind, there was, accordingly, no proof; and there being no proof there could be no judgment.

The judgment of the Court of Civil Appeals is affirmed.