### FIDELITY–PHŒNIX FIRE INS. CO. et al. v. TWO STATES TELEPHONE CO.
#### (No. 3303.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 9, 1926. Rehearing Denied Dec. 16, 1926.)

1. **Trial** ☞234(7)—**Charge that burden of proof was on insurer to establish policy exception that fire originated within machinery by electrical current held error under evidence.**

Where insurer was liable for loss only where fire originated outside of electrical appliances, and was not liable for loss by fire originating within machinery by electrical current, charge that burden of proof was on insurer to establish that fire originated within machinery by electrical current *held* error, in view of disputed evidence as to origin of fire.

2. **Insurance** ☞646(6)—**Burden of establishing liability of insurer is on party asserting it.**

In view of rule that exceptions which exempt insurer from liability are treated as part of general terms of contract, burden of establishing liability is on party asserting it.

3. **Insurance** ☞421—**Cables and wires carrying electricity from storage batteries in telephone building held "other electrical appliances or devices" within policy.**

Cables and wires used to carry current from storage batteries in telephone building *held* within definition of "other electrical appliances or devices" in policy exempting insurer from liability for loss from fire originating in appliances themselves.

4. **Appeal and error** ☞909(5)—**Reviewing court cannot assume that originals of fire insurance policies were different from copies in record.**

Court of Civil Appeals cannot assume that originals of fire insurance policies were different from copies thereof in record.

5. **Insurance** ☞336(1)—**Mistake in taking out excessive insurance would not prevent forfeiture of policies.**

That insured by mistake took out excessive insurance would not prevent forfeiture, if policies contain stipulation to that effect.

Appeal from District Court, Hopkins County; J. M. Melson, Judge.

Action by the Two States Telephone Company against the Fidelity-Phœnix Fire Insurance Company and others. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

Thompson, Knight, Baker & Harris, of Dallas, for appellants.

Dial & Brim, of Sulphur Springs, for appellee.

HODGES, J. This suit was instituted by the appellee against the appellants to recover damages resulting from a fire which occurred in the building occupied by it in Sulphur Springs on the ——— day of December, 1924. The property burned, according to the pleadings, consisted of a portion of its telephone equipment, described as follows:

"A switchboard partially consumed, certain multiple jacks, lamp jacks, operators' circuits," etc.

The loss was valued at $2,538.60. The suit was filed against the following named companies: Fidelity-Phœnix Fire Insurance Company, the National Union Fire Insurance Company, the Milwaukee Mechanics' Insurance Company, and the National Fire Insurance Company, on policies issued on August 19 for $2,500 each; the Reliance Fire Insurance Company, on a policy issued March 13, 1924, for $2,000; the Insurance Company of North America and the Providence-Washington Insurance Company, on policies issued August 19, 1924, for $3,500 each. The defendants answered, pleading, among other things, that the policies issued permitted only an aggregate of $17,000 of insurance, whereas the total concurrent insurance taken out and sued for amounted to $19,000. They alleged that under the terms of the policies such overinsurance forfeited the insurance contracts. They further pleaded what is termed an "electrical exemption clause" contained in their policies, which is as follows:

"It is a special condition of this policy that this company shall not be liable for any loss or damage to dynamos, exciters, lamps, switches, motors, and other electrical appliances or devices caused by electric current, whether artificial or natural (including lightning), and will be liable (if covered by this policy) only for such loss or damage to them as may occur in consequence of fire originating outside of the machinery, appliances, or devices themselves."

The plaintiff in a supplemental petition pleaded that the issuance of $2,000 overinsurance was the result of a mistake on the part of the company issuing the same; that it was unauthorized, and was issued without the knowledge of the plaintiff, and there was no intentional violation of the provisions of the policies limiting the total concurrent in-

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

surance to $17,000. Later the plaintiff discontinued its suit against the Reliance Fire Insurance Company on the policy for $2,000 issued March 13, 1924. The suit proceeded against the other defendants, resulting in a judgment in favor of the plaintiff for $2,328.33.

[1] The judgment was based upon the following issues submitted and the answers made:

"(1) Did the fire originate solely from electric current, natural or artificial, within the switchboard of plaintiff's telephone plant? Answer: No.

"(2) Did the plaintiff authorize or procure or know the insurance agents at Sulphur Springs were carrying in excess of $17,000 worth of insurance upon its telephone plant? Answer: No."

In response to the third interrogatory the jury found the amount of damages. The court charged the jury, in connection with the issues submitted, as follows:

"The burden of proof is upon the plaintiff to establish by a preponderance of the evidence that the insurance over and above $17,000 was the result of a mutual mistake, or was unauthorized and without the knowledge of the plaintiff or its agent, and the amount of damages, if any, that plaintiff is entitled to. The burden of proof is upon the defendant to establish by a preponderance of the evidence that the fire originated within the machinery of plaintiff's plant by electrical current, natural or artificial."

That portion of the charge placing the burden of proof upon the defendants was objected to and is here assigned as error.

[2] Under the rule adopted in this state, the exceptions which exempt the insurer from liability from certain conditions or causes are treated as a part of the general terms of the contract of insurance. The matter thus presented is not defensive. The burden of establishing liability is upon the party who asserts it. Coyle et al. v. Palatine Ins. Co. (Tex. Com. App.) 222 S. W. 975; Travelers' Ins. Co. v. Harris (Tex. Com App.) 212 S. W. 933; Pelican Fire Ins. Co. v. Troy Co-op. Ass'n, 77 Tex. 225, 13 S. W. 980. According to their terms the policies sued on in this instance do not cover loss by fire of electrical appliances, or devices which carry currents of electricity, when the fire originates from the electric current. Under the evidence in this case the placing of the burden of proof was of vital importance. The fire occurred in what the witnesses described as a switchboard, consisting of a cabinet made of wood, and in which are contained wires, cables, and other appliances used in the operation of a telephone system. Those wires carry electric currents. The cabinet is a large structure, which may be entered through a door in the rear. There is no evidence that the fire spread outside of the cabinet. How it originated was not shown by any direct evidence. Two electrical experts—one a witness for the plaintiff, and the other for the defendants—testified that it was impossible for them to tell the origin of the fire from an inspection made afterwards.

One witness, an employee in the office of the telephone company at the time the fire occurred, testified that she could see the blaze through the switchboard, but could not tell whether the blaze was coming out of the back or front or top of the cabinet; it was inside the cabinet itself. The fire occurred between 1 and 2 o'clock p. m. One of the telephone repair men had been working inside of the cabinet that morning. She did not know what he did, and did not know whether he had completed his work or not; he was not about the board at the time she discovered the fire. On cross-examination she stated that there was a panel behind the cabinet, and that soon after the fire she went back there and found the panel out and the cabinet open. She did not know whether the man who had been working there during the day had just quit or not. She also stated that he was an incessant and constant smoker; that he smoked a pipe and cigarettes both, and "would be striking matches back there." It thus appears that whether the fire originated from a current of electricity or from some other cause could only be determined by inference from circumstances.

[3] Counsel for appellee contend that it is immaterial how the fire originated, since the property damaged did not come within the electrical exemption clause. We cannot agree to that conclusion. The exemption clause described, in addition to dynamos, exciters, lamps, switches, motors, "other electrical appliances or devices." The cables and wires used to carry currents of electricity from storage batteries, which constituted a large portion of the loss in this instance, may well come within the definition of "electrical appliances or devices." The manifest purpose of the exemption clause was to relieve the insurer of liability for a loss of such appliances which resulted from the current of electricity they carried. These wires were charged by storage batteries, in some portion of the building, and the electric current was essential to the operation of the telephone system. If the fire was caused by the overheating of those wires or cables, or by a "short," as described by the witnesses, resulting from a break, the loss would come within the exemption, and was one for which the insurers could not be held liable. On the other hand, if the fire originated from some outside cause, as a discarded cigarette stub or a match, the loss would be one for which the appellants could be held responsible, although it originated inside of the wooden cabinet. It will thus be seen that the improper imposition of the burden of proof could easily

cause the rendition of an improper verdict upon a controlling issue in the case.

[4, 5] Appellants also insist that the undisputed evidence shows that more than the amount of concurrent insurance allowed by the policies had been taken out, and for that reason the policies were void. While the policies stipulate that $17,000 should be the limit of concurrent insurance, they do not contain any provisions calling for a forfeiture in case that clause is violated. Counsel for appellants insist that in issuing the policies the Texas standard forms were used, which contained provisions for a forfeiture in case of overinsurance, and that there was an evident error on the part of the stenographer in copying the policies into the statement of facts. That may be true, but we cannot assume that the originals are different from the copies which appear in the record. However, in view of another trial, it may be proper for us to say that we are not prepared to hold that the mere fact that the insured by a mistake took out excessive insurance would prevent a forfeiture, had the policies contained a stipulation to that effect. Boatner v. Providence-Washington Ins. Co. (Tex. Com. App.) 241 S. W. 136.

We are of opinion that the judgment should be reversed, because of the error of the court in charging that the burden of proof was upon the defendant to show that the fire was caused by an electric current. Since the case is to be remanded for another trial, it may be proper for us to suggest that the trial court should permit more latitude in the cross-examination of an expert witness regarding the probable origin of the fire. While the limitation complained of in this appeal might not justify a reversal of the judgment for that reason alone, it was more restrictive than it should have been.

For the reasons stated, the judgment will be reversed and the cause remanded.