## AMERICAN INS. UNION v. DAINES et al.
### (No. 3638.)

Court of Civil Appeals of Texas. Texarkana.
Feb. 14, 1929.

Rehearing Denied Feb. 21, 1929.

Rodgers & Rodgers, of Texarkana, Tex., and G. G. Pope, of Texarkana, Ark., for plaintiff in error.

Wright Patman, and Keeney & Dalby, all of Texarkana, Tex., for defendants in error.

WILLSON, C. J. (after stating the facts as above). ██ The contention of plaintiff in error, that the petition of defendants in error did not state a cause of action against it, seems to be on the theory that it was necessary for defendants in error to have alleged, and they did not, that, after the policy was issued to Daines, he did not violate the stipulation set out in the statement above that it (the policy) should be "null and void" if he died in consequence of an intemperate use of alcohol or narcotics. Pelican Ins. Co. v. Troy Cooperative Ass'n, 77 Tex. 225, 13 S. W. 980, is cited as a case supporting the contention. In that case it was held to be necessary to the statement of a cause of action on a fire insurance policy, made an exhibit to the plaintiff's petition and containing a stipulation that the insurer should not be liable for loss by fire caused by means of a hurricane, to allege that the fire did not occur from the excepted cause. It may be the holding in that case would have been applicable in this one, had the policy defendants in error sued on been made an exhibit to their petition. But it was not, and the sufficiency of the petition therefore must be determined from the allegations therein without reference to stipulations in the policy. It is plain, we think, from those allegations as shown in the statement above, that the petition stated a cause of action and was not subject to the general demurrer to it urged by plaintiff in error.

██ Another contention presented by plaintiff in error is that the evidence did not warrant the finding involved in the judgment that Daines' death was not due to intemperate use of alcohol or narcotics by him. The contention seems to be on the theory that the burden of proving the cause of Daines' death was on defendants in error, and that they did not discharge the burden. Pelican Ins. Co. v. Troy Cooperative Ass'n, supra, and Travelers' Ins.

Co. v. Harris (Tex. Com. App.) 212 S. W. 933, are cited as cases supporting the contention. In the Harris Case, which was a suit on an accident policy, containing a stipulation that it should not cover accidents resulting from trying to enter a moving conveyance using steam as a motive power, it was held that the burden was on the plaintiff to prove that the accident on which the suit was based did not fall within the exception. If it should be conceded, and it is not, that the stipulation in this case is not like those considered in Federal Life Ins. Co. v. Wilkes (Tex. Civ. App.) 218 S. W. 591, and cases cited in section 828 at page 108 of 33 C. J., and section 596 at page 1434 and section 599 at page 1437 of R. C. L., and is enough like those cited by plaintiff in error to make the rulings therein applicable, we would nevertheless overrule the contention; for we think the finding in question was warranted by evidence admitted at the trial. While there was evidence tending to show that Daines at times drank intoxicating liquor to excess, and that he was drunk the night before and early in the morning of the day he died, it appeared without contradiction that he had suffered quite a while before he died from heart trouble, and that on occasions when he was so suffering he used chloroform to obtain relief. He was alone when he died, in his room in a rooming house in Houston. A one-ounce bottle with a little chloroform still in it was found on a table in his room. A witness testified he had heard Daines complain of heart trouble many times, the last of the times being on Saturday night before the Monday when he died. The witness said on that night he suggested to Daines that they "go buy some whiskey," and that Daines replied, "No, I am afraid to drink it, for I have heart trouble, and I am afraid that may bump me off." The man with whom Daines boarded testifying as a witness, said he was closely associated with him the two months before he died, had heard him complain of heart trouble, had never seen him under the influence or liquor, and that it was not a fact that he "had been drinking (quoting) the day before he was found dead, and he was not drunk the night before he was found dead, that I know of." A physician testifying as an expert said if he knew that Daines "had heart trouble or knew that he was an alcohol inebriate, and knew he had been inhaling chloroform or somebody had given it to him, I would conclude that the chloroform had produced heart failure, because chloroform will produce heart failure, especially in a diseased heart. Chloroform is not a drug or a narcotic—it is an anesthetic. * * * A physician doesn't give chloroform to a patient that has heart trouble. We test the heart before we give chloroform always. * * * If this man had heart trouble and I would see a bottle with chloroform in it, and evidently some of it had been used out of the bottle, I would be suspicious of the fact that

heart trouble had caused death by reason of chloroform being used—I would look at it as the most reasonable theory."

We think the trial court had a right to look at the matter in the same way and to conclude it did not appear Daines' death was caused proximately (4 Cooley's Briefs on Ins. 3141), if at all, by intemperate use of alcohol or narcotics.

There was no evidence showing or tending to show that the heart trouble, from which Daines suffered, was caused by use by him of alcohol or narcotics.

The judgment is affirmed.