**GEORGIA HOME INS. CO. v. TRICE et al.**

No. 4201.

Court of Civil Appeals of Texas.
Amarillo.
April 2, 1934.

Morgan, Culton, Morgan & Britain, of Amarillo, for appellant.

G. E. Hamilton, of Matador, for appellees.

MARTIN, Justice.

Appellees filed suit against appellant on a fire insurance policy. Briefly and in substance the allegations of their petition are that appellee Mrs. M. J. Trice was the owner of a building in the town of Flomot; that on the 30th day of December, 1932, appellant issued a policy to her in the sum of $1,000, insuring said property against loss by fire; that one year's premium was paid; that on the 30th day of January said property was wholly destroyed by fire, "the cause or origin of which is unknown to plaintiffs, but which they are informed and believed and here charge as a fact, was of accidental origin"; that by the terms of such insurance policy appellant became obligated and promised to pay appellee Mrs. M. J. Trice the sum of $1,000. Appellant was notified of said fire, and requested and demanded payment of same, which was refused. Other allegations are made which, in view of the disposition we make of this case, are omitted.

To this petition appellant filed a general exception and general denial and certain special defenses which we deem unnecessary to notice.

The evidence on behalf of appellees offered at the trial was very brief. In substance, it showed the ownership of the property, the issuance of the insurance policy, and the payment of the premium, and that the building insured was destroyed by fire at about 5:30 a. m., on January 30th. None of the facts and circumstances surrounding the fire were introduced. As we interpret the record, it went no further than that the building was totally destroyed by fire.

The policy introduced in evidence contains many clauses of exception from liability, among which we note an exemption from liability for any loss caused directly or indirectly by invasion, insurrection, riot, explosion of any kind, or lightning. Appellees' petition failed to specifically negative destruc-

tion of the property from any of the causes set out in these various exceptions.

Appellant's assignment of error No. 1 is as follows: "The trial court erred in rendering judgment in favor of plaintiff and against the defendant for $1,000.00, the face of the policy sued on, because there is no pleading or proof that the loss of the building insured is within the general liability assumed by defendant, or that said loss does not come within any of the excepted causes set forth in the policy sued on in this case."

The assignment presents a legal question which throughout the judicial history of Texas has been the subject of much contrariety of opinion. Vacillating statements and conclusions of various appellate courts so bewilder the investigator that a satisfactory conclusion as to the true rule is most difficult to reach. We notice briefly a few of these. In East Texas Fire Ins. Co. v. Dyches, 56 Tex. 569, the Supreme Court uses, in part, the following language: "Those * * * conditions of the contract * * * which are * * * in the nature of exceptions * * * are matters of defense, and were not required to be noticed or negatived in the petition." Ten years later the Supreme Court said: "As the policy did not bind the company to pay a loss resulting from fire however caused, the petition should have alleged that the fire was not the result of a cause for which the company had expressly refused to be liable. Pelican Ins. Co. v. Troy Co-op. Ass'n, 77 Tex. 225, 13 S. W. 980; May, Ins. 723." Phœnix Ins. Co. v. Boren et al., 83 Tex. 97, 18 S. W. 484.

Two years later, in 1894, the Court of Civil Appeals at Austin refused to follow this last case, and expressly held to the contrary of the above language. Burlington Ins. Co. v. Rivers, 9 Tex. Civ. App. 177, 28 S. W. 453. The rule last announced was subsequently followed in many cases until finally it was, in effect, overruled in 1919 by the Supreme Court Commission in the case of Travelers' Ins. Co. v. Harris, 212 S. W. 933. Some of the many conflicting cases on this subject are cited in the recent case of American Ins. Co. v. Maddox (Tex. Civ. App.) 60 S.W.(2d) 1074, at pages 1076 and 1077. Our conclusion does not finally settle the question, and we follow the last decisions of our Supreme Court without comment. This compels a holding in obedience to the rule announced in Travelers' Ins. Co. v. Harris, supra, and cases following it, that appellee failed to sufficiently prove her case.

The last rule is, we think, sufficiently stated by Judge Alexander in the case of American Insurance Co. v. Maddox (Tex. Civ. App.) 60 S.W.(2d) 1074, 1077, from which we quote: "However, the rule as recognized by our Supreme Court and enforced in this state is that where the general liability of the insurer is thus limited by the terms of the policy, the burden is on the insured to both allege and prove that the loss sustained by him comes within the general liability thus assumed by the insurer, and in addition that it does not come within any of the excepted causes. Pelican Ins. Co. v. Troy Co-op. Ass'n, 77 Tex. 225, 13 S. W. 980; Phœnix Ins. Co. v. Boren, 83 Tex. 97, 18 S. W. 484; Travelers' Ins. Co. v. Harris (Tex. Com. App.) 212 S. W. 933; Coyle v. Palatin Ins. Co. (Tex. Com. App.) 222 S. W. 973; International Travelers' Ass'n v. Bettis, 120 Tex. 67, 35 S.W.(2d) 1040; Washington Fidelity National Ins. Co. v. Williams (Tex. Com. App.) 49 S.W.(2d) 1093; Fidelity-Phœnix Fire Ins. Co. v. Two States Telephone Co. (Tex. Civ. App.) 289 S. W. 726; Northwestern National Ins. Co. v. Westmoreland (Tex. Civ. App.) 215 S. W. 471; Northwestern National Ins. Co. v. Mims (Tex. Civ. App.) 226 S. W. 738."

Some of the exceptions from liability written in the policy are noted above. The evidence introduced concerning the fire and the circumstances surrounding it are extremely meager. It goes no further than to show the house burned about 5:30 in the morning. Proof of its cause was alleged but not attempted to be proven. The facts and circumstances surrounding this fire would probably rebut, if introduced, every exception to liability contained in the policy, as destruction by lightning, explosion, etc.

We are not in accord with appellant's view, however, that there are no pleadings to support the judgment. The appellees' petition specifically alleged the fire to have been of "accidental origin," as above stated. This impliedly negatived the exceptions to liability contained in the policy, some of which are recited. The policy was not attached as an exhibit. The pleadings nowhere disclosed the existence of any exceptions. The question of variance has not been raised, either below or here. No exceptions to the said pleadings, either general or special, were called to the attention of the trial court. Appellees' petition fully stated a tenable cause of action on a loss resulting from fire, and was, in our opinion, sufficient under the particular facts here to support the judgment rendered. Phœnix Ins. Co. v. Boren et al., 83 Tex. 97, 18 S. W. 484; American Ins. Union v. Daines

(Tex. Civ. App.) 15 S.W.(2d) 97; American Ins. Co. v. Maddox (Tex. Civ. App.) 60 S.W. (2d) 1074, 1077.

Other questions raised depend upon the character of the evidence offered on another trial. The case may not have been fully developed, and these will not be discussed.

Because we think the evidence offered is insufficient in that it fails to negative the exceptions to liability named in the policy, the judgment is reversed and cause remanded.