## AMERICAN CENTRAL INS. CO. OF ST. LOUIS, MO., v. MARTIN.

### No. 2194.

Court of Civil Appeals of Texas. Waco.

May 23, 1940.

Bryan & Bryan, of Houston, and Joe E. Webb, of Madisonville, for appellant.

Brownlee & Brownlee, of Madisonville, and Bennett & Bennett, of Normangee, for appellee.

ALEXANDER, Justice.

This is a suit on a fire insurance policy. The policy was a Texas Standard Fire policy and was attached to and made a part of the petition. It contained the usual exceptions and conditions under which the company would not be liable for a loss by fire, among these being a provision exempting the company in the event the loss was caused by an invasion, insurrection, riot, civil war, and the like. The plaintiff wholly failed to allege or prove that the loss did not come within any of these excepted causes. The defendant's general demurrer to the petition was overruled, and at the conclusion of the evidence its motion for an instructed verdict was denied. These rulings are assigned as error.

It appears to be a well settled rule in this state that in a suit on a policy containing exceptions such as are here under consideration, the burden is on the plaintiff to both allege and prove that the loss did not come within any of the excepted causes as set out in the policy. International Travelers Association v. Marshall, 131 Tex. 258, 114 S.W.2d 851; Pelican Ins. Co. v.

Troy Co-operative Ass'n, 77 Tex. 225, 13 S.W. 980; Century Insurance Co., Ltd. v. Hogan, Tex.Civ.App., 135 S.W.2d 224; Georgia Home Ins. Co. v. Trice, Tex.Civ.App., 70 S.W.2d 356; American Ins. Co. v. Maddox, Tex.Civ.App., 60 S.W.2d 1074. While the writer does not agree with the rule as above announced, we feel compelled to follow it. This necessarily requires that the judgment of the trial court be reversed and the cause remanded for a new trial. It is accordingly so ordered.