## GENERAL EXCHANGE INS. CORPORATION v. APPLING et al.

### No. 3995.

Court of Civil Appeals of Texas. El Paso.

Oct. 31, 1940.

Rehearing Denied Nov. 20, 1940.

Kemp, Lewright, Dyer, Wilson & Sorrell, of Corpus Christi, for appellant.

Lloyd & Lloyd, of Alice, for appellees.

PRICE, Chief Justice.

This is an appeal from the judgment of the County Court of Jim Wells County. The judgment was against General Exchange Insurance Corporation, hereinafter called defendant, in favor of F. O. Appling, hereinafter called plaintiff, and General Motors Acceptance Corporation, hereinafter called G.M.A.C. The recovery in favor of plaintiff was in the sum of $217.79, and in favor of G.M.A.C. in the sum of $133.21. Trial was to a jury on special issues, and on the verdict the above judgment was rendered. Defendant's motion for a new trial was filed in due time, overruled, and this appeal perfected therefrom.

Two grounds for reversal are urged by the defendant. These, in substance, are, first, that the court erred in overruling the general demurrer interposed by defendant to plaintiff's first amended petition; second, as to a lack of a necessary party.

To the first ground plaintiff countered with the contention that the court never ruled on the general demurrer interposed by defendant to the first amended original petition.

The trial pleadings were, first amended original petition of plaintiff, first amended original answer of defendant, first supple-

mental petition of plaintiff, and the original answer of G.M.A.C.

Plaintiff's original petition does not appear in the transcript, and the date of filing of same does not appear therefrom. The first amended original petition was filed September 27, 1939; the amended answer of defendant on the same date.

Plaintiff declared upon a Texas Uniform Standard Automobile Policy issued by defendant covering one Chevrolet Sport Sedan from loss or damage by fire and other causes. The policy was attached to his amended petition as an exhibit and made a part thereof. Destruction of the automobile by fire during the month of October, 1938, was alleged, and the value of the car was averred to be $375; further, that General Motors Acceptance Corporation was asserting some right, title or claim in the proceeds of the policy; notice of loss, demand for payment and refusal also appeared therefrom. Further, that by virtue of the premises defendant was legally bound to pay the plaintiff the sum of $375. The copy of the policy attached showed the coverage thereof to be the automobile in question for loss or destruction by fire. The policy likewise provided for certain exclusions of liability under specified conditions. The pleading fails to negative these exclusions; it likewise fails to particularize as to how, when, or where or under what circumstances the automobile was destroyed by fire. It was likewise averred, in substance, that it was issued with loss payable clause to plaintiff and to G.M.A.C. and Nance Chevrolet Company, George West, Texas.

Defendant's first original answer consisted of a general demurrer, general denial, and a special plea that plaintiff should not recover because he had wilfully caused the automobile to be destroyed by fire; that thereafter he fraudulently represented to the defendant that he had not so wilfully destroyed same.

The answer of G.M.A.C. set up a lien on the automobile in question securing obligations of plaintiff, and sought recovery to the extent thereof against defendant.

The judgment recites as follows: "On this, the 27th day of September, 1939, came on to be heard the above entitled and numbered cause, wherein F. O. Appling is plaintiff, and General Exchange Insurance Corporation and General Motors Acceptance Corporation are defendants; and came the defendant, General Exchange Insurance Corporation, urging its general demurrer to plaintiff's original petition, and the court, having heard and considered the same, is of the opinion that it should be, and it is hereby, accordingly, overruled, to which ruling the defendant, General Exchange Insurance Corporation, then and there in open court excepted; and came the plaintiff, F. O. Appling, urging his general demurrer to defendant's first amended original answer, and the court having duly heard and considered the same, is of the opinion that it should be, and it is hereby, accordingly, overruled, to which ruling the plaintiff, F. O. Appling, then and there in open court excepted; and came the parties and stipulated and agreed by and between themselves that the defendant, General Motors Acceptance Corporation, is entitled to recover upon its cross-action filed herein, the sum of $109.82, together with interest thereon at the rate of ten (10%) per cent per annum from the 17th day of September, 1938, and the further sum of fifteen (15%) per cent of the principal and interest recovered, as attorney's fees; and the parties, plaintiff and defendants, then announced ready for trial; * * *."

Following the literal language of the judgment as to the general demurrer, it appears the demurrer overruled was one addressed to the original petition of the plaintiff and not to the first amended original petition as here urged by defendant.

Unless it appears from a construction of the judgment in connection with the entire record that the use of the words, "original petition," was a clerical error, and what was really meant was "first amended original petition," there is no basis for defendant's assignment.

It is fundamental that if the language of a judgment is plain and unambiguous there is no room for construction; the effect thereof must be declared in the light of the literal meaning of the language used. If the language be ambiguous, there is room for construction. In determining the meaning, the judgment is to be construed as a whole and in the light of the record.

In the light of the record there are indications that the ruling was as to a demurrer to the first amended original petition. On the other hand, a party may amend even though a demurrer be overruled. It does not appear in the record when leave to amend was granted, if same was granted, to either party. When the amendment was filed the original petition

ceased to be a part of the record, except for a very limited purpose. Here, it was superseded contemporaneously with the ruling assailed. It might be urged that it was not shown by the record that the original answer contained a general demurrer. This is true, but the record fails to show that such was not the case.

■ The entry of the judgment rendered is a formal act, and same should, at least, evidence with clarity and certainty the action taken by the court. This action may or may not have been that evidenced by the entry of the judgment. If it was not, it was a very simple matter to have same corrected. The judgment entered is certainly the best evidence of the judgment rendered.

Further, by an admission of record the G.M.A.C. was entitled to recover. Now it might have been entitled to recover, even though plaintiff had not the right; however, it could not have been reasonably entitled to recover had not the loss been within the coverage of the policy. Wilful destruction of the automobile by the assured was not within the contractual exclusion. This agreement was between plaintiff and defendant, as well as the G.M.A.C. By this agreement plaintiff extinguished an obligation of his to the extent the G.M.A.C. recovered against defendant. In our opinion, error is not shown by the assignment.

■ We might further add that, in our opinion, the first amended original petition was subject to general demurrer. It seems it has been uniformly held that where there are exceptions contained in a policy to the coverage thereof, and that unless these exceptions be in some way negatived, the petition is vulnerable to attack by general demurrer. Pelican Fire Ins. Co. v. Troy Co-Operative Ass'n, 77 Tex. 225, 13 S.W. 980; Travelers' Ins. Co. v. Harris, Tex.Com.App., 212 S.W. 933; Century Ins. Co., Ltd. v. Hogan, Tex.Civ.App., 135 S.W. 2d 224.

Was the Nance Chevrolet Company a necessary party herein, and in its absence could a valid judgment be rendered? Defendant did not plead in abatement on account of its non-joinder. Item 5 of the policy recites a lien in favor of the G.M.A.C. and the dealer, the dealer being the Nance Chevrolet Company. The pleading of the G.M.A.C. avers, in substance, that it was the legal holder and owner of all right of the Nance Chevrolet Company, the dealer, and of all liens securing plaintiff's indebtedness. Defendant was a party to an agreement made in open court that G.M.A.C. was entitled to recover on its cross-action the amount claimed by that company therein. The terms of such agreement were not that the G.M.A.C. should have judgment in that amount, but it was entitled to recover in that amount.

If the Nance Company had any interest in the proceeds of the insurance policy, then the G.M.A.C. was not entitled to recover on its cross-action. This was true because there was a lack of necessary parties. Barlow v. Linss, Tex.Civ.App., 180 S.W. 652, writ refused.

In the case last cited rights founded on a joint contract were sought to be asserted by cross-action by one of the joint possessors of such rights without his co-obligee being a party. It was held no judgment could be rendered on the cross-action.

■ Requirement that all holders of a joint contractual right be parties to the action for its enforcement is for the benefit of the obligor. Thus he may have the extent and content of his obligation established in one action. Manifestly, if it be undisputed that all other joint obligors have assigned their right to one, there would be no necessity of all joining in the answer.

The record herein shows, almost without question, that the G.M.A.C. had succeeded to all rights held by the Nance Chevrolet Company, the dealer.

■ It occurs to us that the reversal of this case to the end that the Nance Chevrolet Company be made a party would be a useless proceeding. The agreement of the parties, according to our construction, shows that it has no interest. Under the undisputed evidence it has no interest.

There is no reversible error in the case. Affirmed.