**FIRE ASS'N OF PHILADELPHIA v.
DA CAMARA.**

No. 9610.

Court of Civil Appeals of Texas. San
Antonio.

June 19, 1935.

Motion for Rehearing Overruled
July 31, 1935.

Thompson, Knight, Baker & Harris, of
Dallas, for plaintiff in error.

Gibson & Blackshear, of Laredo, for de-
fendant in error.

MURRAY, Justice.

Defendant in error, J. B. DaCamara, in-
stituted this suit against plaintiff in error
seeking to recover for loss to a six-room
house and the furniture therein, alleged to
have been damaged by windstorm. The
house was located on the beach in the city
of Corpus Christi.

Plaintiff in error had, prior to the storm
complained of, issued a policy of wind-
storm insurance covering this house, the
furniture therein, and a garage.

The trial was to a jury who found, in
answering special issues submitted to them,
as follows: (1) That the damage done to
the cottage and to the contents thereof was
directly due to windstorm; (2) that the,
damage done to the cottage was not caused
directly or indirectly by tidal wave, high
water, or overflow, whether driven by the
wind or not; (3) that the sound value of
the cottage immediately prior to the time
it was damaged, September 5, 1933, was
$2,200; (4) that the damage done to the
cottage on the occasion in question was
$2,100; (5) that it would have cost $2,100
to have repaired or replaced the cottage;
(6) that the sound value of the contents
of the cottage immediately prior to Sep-
tember 5, 1933, was $450; (7) that the
damage to the contents was $450; (8) that
it would cost $450 to replace the contents
of the cottage with material of like kind
and quality; (9) that plaintiff furnished
defendant proof of loss; (10) that the
damage suffered by the cottage was not
due to windstorm and tidal wave, water,
or overflow; (11) that it was not due to
tidal wave; (12) that it was not due to
high water; (13) that it was not due to
overflow; (14) that the damage to the
contents of the cottage in question on the
occasion in question was due to windstorm
and tidal wave, high water, or overflow;
(15) that the damage to contents was not
due to tidal wave; (16) that the damage
to contents was not due to high water;
(17) that the damage to the contents was
not due to overflow; (18) that part of the
damage to the cottage was not due to tidal
wave; (19) that part of the damage to
the cottage was not due to high water;
(20) that a part of the damage to the cot-
tage and the contents was not due to over-
flow; (21) that the reasonable cash mar-
ket value of the salvage left in the cottage
immediately after the storm was $100.

Based upon these findings, the trial court entered judgment in favor of defendant in error in the sum of $750 for damages to the house (the amount of the policy being $1,500; there being concurrent insurance in another company for a like amount), but found that defendant in error was not entitled to recover for damage to the contents of the house because of the jury's answer that part of the damage to the contents was due to tidal wave, high water, or overflow.

Fire Association of Philadelphia, as plaintiff in error, presents this appeal.

During the trial, defendant in error was permitted to introduce in evidence, over the objection of plaintiff in error, an estimate of the amount of damage done to the house made by one L. A. Hanke, who was not a witness in the case. Such estimate showed the cost of replacing the house to be $2,221.50.

Plaintiff in error's objection to the introduction of this estimate was: "Your Honor, we object to the introduction in evidence of this memorandum for the reason that it is a copy and not the original according to the testimony of the witness, and for the further reason that this estimate does not purport to show what damage was done by the waves and what damage was done by the windstorm; nor does this estimate show the date on which it was made; and we object for the further reason that it constitutes the use of a memorandum when the memorandum has not been properly proven up nor a predicate laid for its introduction."

■ Defendant in error admits that the estimate would not be admissible as evidence of the cost of replacement, but contends that same was admissible for the purpose of showing that he had made the report of loss required by his insurance policy. We overrule this contention. The law conclusively presumes that proof of loss was properly made, unless the insurance company by sworn plea denies that such proof of loss has been made. Westchester Fire Ins. Co. v. Cannon (Tex. Civ. App.) 79 S.W.(2d) 920; London & Lancashire Ins. Co. v. Higgins (Tex. Civ. App.) 68 S.W.(2d) 1056.

In this case there was no such sworn plea filed by the insurance company and hence the question of proof of loss was not an issue in the case.

■ Furthermore, the estimate offered in evidence was at most a duplicate original of the estimate and was not the best evidence, unless the estimate actually filed with the proof of loss be accounted for and good cause shown for not producing it at the trial. If it was in the possession of the insurance company, notice to produce it should have been given. Underwriters' Fire Ass'n v. Henry (Tex. Civ. App.) 79 S. W. 1072.

■ This estimate having been admitted in evidence without L. A. Hanke, the person who made it, being produced as a witness and testifying to its correctness and thereby subjecting himself to cross-examination, and this being done over the timely objection of plaintiff in error, we conclude that error was committed requiring a reversal of the judgment based, at least in part, upon this evidence.

■ The objection made by plaintiff in error was sufficient to call to the trial judge's attention the inadmissibility of this memorandum as evidence in this cause.

■ Defendant in error, by cross-assignment, set up as error the failure of the trial court to render judgment in his favor for one-half of the value of the furniture. We overrule this cross-assignment. The jury found that the furniture was damaged at least in part by tidal wave, high water, or overflow. The insurance policy contained the following provision: "This company shall not be liable for loss or damage, whether incidental to a windstorm, cyclone and/or tornado or not * * * caused directly or indirectly by tidal wave, high water and/or overflow, whether driven by the wind or not."

The policy herein covered only loss or damage caused by wind and excluded that caused by tidal wave, high water, and overflow.

In view of the jury finding and the above provision of the policy, the trial judge correctly refused to render judgment for the damage done to the contents of the house.

For the error pointed out, the judgment of the trial court will be reversed and the cause remanded.

**Reversed and remanded.**