## TEAGUE SEWER CO. v. BENBROOK et al.
### No. 1055.

Court of Civil Appeals of Texas. Waco.
May 14, 1931.

C. H. Machen, of Mexia, and L. W. Shepperd, of Groesbeck, for plaintiff in error.

Williford & Williford, of Fairfield, and A. B. & W. V. Geppert, of Teague, for defendants in error.

GALLAGHER, C. J.

The parties hereto will be designated as in the trial court. The defendant, Teague Sewer Company, owns and operates a sewer system in the city of Teague, and in connection therewith maintains and operates a septic tank, into which the raw sewage is deposited and from which the liquid portion thereof is discharged into a creek. Plaintiffs A. H. Benbrook and nine others own and occupy homes in the neighborhood of said septic tank. They instituted this suit, charging, in substance, that partially decomposed sewage was permitted to escape from said tank into said creek and to settle and remain in stagnant pools therein; that foul and noxious odors escaped from said tank and arose from such stagnant pools, and reached and entered the homes of the several plaintiffs; that great swarms of mosquitoes bred in said creek and in said pools therein and reached and entered the homes of the several plaintiffs; that said septic tank and the outflow therefrom were so maintained and operated as to constitute both septic tank and the creek into which the outflow therefrom was discharged a nuisance, which could be, and ought to be, abated. Plaintiffs alleged that they had been damaged in the value of the use of their respective homes, and prayed for recovery therefor and for a mandatory injunction requiring the defendant to abate such nuisance.

The case was submitted on special issues, in response to which the jury found, in substance: (1) That foul and noxious odors emanated from defendant's septic tank and the contents thereof flowing into the creek; (2) that mosquitoes bred in said creek in the outflow from said tank; (3) that the operation and manner of maintenance of said tank was the proximate cause of the breeding of said mosquitoes; (4) that such foul and noxious odors reached the premises of each of the plaintiffs in such manner as to cause each of them to suffer damage in the decreased value of the use of his property; (5) that mosquitoes which bred in the creek from the outflow from said tank reached the premises of each of the plaintiffs in such manner as to cause each of them to suffer damage in the decreased value of the use of his property. The court charged the jury not to assess against defendant damages, if any, occasioned by the decreased value of the use by plaintiffs of their respective properties resulting from any contributing causes, but to assess only such damages, if any, as were occasioned by, and resulted from, the maintenance and operation of said septic tank. The court then submitted ten separate issues, in response to which the jury found the amount of the decreased value of the use of the respective properties of each of the plaintiffs. The court entered a judgment in favor of each of the plaintiffs for the respective amounts so found by the jury. The court further ordered the defendant to abate said nuisance and to keep the same permanently abated. Defendant thereupon sued out a writ of error to this court.

### Opinion.

■■ Defendant presents as ground for reversal a proposition in which it contends that the trial court permitted plaintiffs' counsel to violate the provisions of the rules prescribed for the presentation of argument in the trial of cases. The bill of exceptions upon which said proposition is predicated shows that the court submitted the case to the jury on fifteen special issues, and allowed each side one hour and thirty minutes for argument before the jury; that one of plaintiffs' attorneys opened the argument for them; that such argument covered a period of twenty minutes only; that during such argument "he did not discuss any of the special issues submitted by the court and did not undertake to discuss any issue in the case and did not even refer to any of the issues submitted by the court in his charge to the jury." Said bill further shows that, immediately upon the closing of such argument, defendant in open court objected thereto, for the reason that the same did not fully open the case so that defendant's attorneys could properly reply thereto; that defendant in that connection moved the court to require plaintiffs to present whatever argument they desired to make on the several special issues submitted to the jury in order that its attorneys might have opportunity to reply thereto.

Said bill further shows that the court overruled said objection and refused to require plaintiffs' attorney to fully open the case; that defendant then through its attorneys presented its argument to the jury; that plaintiffs' attorney then made the closing argument, covering a period of approximately one hour and ten minutes, in which closing argument he discussed all of said special issues, none of which had been discussed in the opening argument. Plaintiffs in their brief question the accuracy of said bill, but we are bound by its terms. St. Louis, A. & T. Ry. Co. v. Whitaker, 68 Tex. 630, 634, 5 S. W. 448; Wade v. Galveston, H. & S. A. Ry. Co. (Tex. Civ. App.) 110 S. W. 84, 90 (writ refused). Rule 36 for the government of trial courts provides: "In all arguments, and especially in arguments on the trial of the case, the counsel opening shall present his whole case as he relies on it, both of law and facts, and shall be heard in the concluding argument only in reply to the counsel on the other side." The bill of exceptions clearly shows a violation of the provisions of such rule. This precise issue was before the Court of Civil Appeals for the Eleventh District in the case of Bender v. Mettler, 17 S.W.(2d) 182, 184, and the court held the right guaranteed by such rule a valuable one to a litigant, and that injury from its violation would be pre-

sumed. This error requires a reversal of the judgment.

Other propositions presented by defendant' complain of matters which will not necessarily arise in the same way, if at all, upon another trial.

The judgment of the trial court is reversed, and the cause is remanded.