Reversed and rendered in part; reformed and affirmed in part, and in part affirmed.

### BOSTON INS. CO. et al. v. FITZPATRICK.
### No. 9443.

Court of Civil Appeals of Texas. San Antonio.

Oct. 31, 1934.

T. M. West, Nat L. Hardy, and Frank B. Buchanan, all of San Antonio, for appellants.

Boggess, LaCrosse & Lowrey, of Del Rio, for appellee.

BICKETT, Chief Justice.

This is an appeal by Boston Insurance Company, Fireman's Fund Insurance Company, and Queen Insurance Company of America from a judgment against each, respectively, in favor of A. F. Fitzpatrick upon three policies of fire insurance.

The plaintiff's petition identified each policy and stated the obligation thereof in general terms, concluding the description of the policy as "being hereby referred to for further statement of the terms and conditions thereof." Each policy was upon the form which is known as "Texas Standard Fire Policy" and which is prescribed by the state insurance commission pursuant to statute. And each policy contained the following provision, making exceptions from the general liability imposed by the policy, to wit:

"This company shall not be liable for loss caused directly or indirectly by invasion, insurrection, riot, civil war or commotion, or military or usurped power, or by order of any civil authority; or by theft; or by neglect of the insured to use all reasonable means to save and preserve the property at and after a fire or when the property is endangered by fire in neighboring premises; or (unless fire ensues, and, in that event, for the damage by fire only) by explosion of any kind, or lightning; but liability for direct damage by lightning may be assumed by specific agreement hereon."

The petition failed to allege that the fire did not occur under any of the conditions excepted from the obligations of the policy. And the evidence, likewise, failed to negative the existence of facts that might bring the loss within the exceptions.

■ In a suit on a fire insurance policy it is necessary for the insured to plead and prove facts that bring the loss within the general obligation of the policy and that take it out of the specified exceptions from liability.

Coyle v. Palatine Insurance Co. (Tex. Com. App.) 222 S. W. 973; Chicago Fire & Marine Ins. Co. v. Foley (Tex. Civ. App.) 58 S.W.(2d) 174; America Insurance Co. v. Maddox (Tex. Civ. App.) 60 S.W.(2d) 1074. The Supreme Court in Coyle v. Palatine Insurance Co., 222 S. W. 973, 975, speaking through Chief Justice Phillips, said:

"Without such proof, had it been required, evidence of a loss within the terms of the contract would have been incomplete, and hence liability under the contract would not have been established. Such exceptions have not the character of conditions subsequent. They are written into the contract to prevent their subject-matter becoming confused with its general portion. Their effect is to declare that there shall be no liability under the contract which is not clear and independent of them. The burden of establishing such a liability is upon him who asserts it. The matter presented by such exceptions in a contract is therefore not defensive. In its essential nature it is affirmative. It is made so by the terms of the contract. Such is the settled rule in this court. Insurance Co. v. Co-operative Association, 77 Tex. 225, 13 S. W. 980; Insurance Co. v. Boren, 83 Tex. 97; 18 S. W. 484."

■ The demand by the insurer for an appraisal or arbitration is a waiver of the policy requirement for written proofs of loss. The failure of the appraisers to reach an agreement, found by the jury upon conflicting evidence to have been the fault of the appraiser named by the insurer, does not alter the application of the rule. The plea in abatement was, therefore, properly overruled. 14 Ruling Case Law 1352; 26 Corpus Juris 405; Delaware Underwriters v. Brock, 109 Tex. 425, 211 S. W. 779; American Central Insurance Co. v. Terry (Tex. Com. App.) 26 S.W.(2d) 162, 163.

This opinion will not be encumbered with a discussion of the other matters, relating to the evidence and the charge, which are complained of on this appeal but which probably will not arise upon another trial.

The judgment is reversed, and the cause is remanded.