## WESTERN ASSUR. CO. v. SECURITY TRUST CO.
### No. 9631.

Court of Civil Appeals of Texas. San Antonio.

June 19, 1935.

Rehearing Denied July 17, 1935.

T. M. West, Nat L. Hardy, and Frank B. Buchanan, all of San Antonio, for plaintiff in error.

Jesse I. Edwards and Marion A. Olson, both of San Antonio, for defendant in error.

BICKETT, Chief Justice.

This is an appeal by Western Assurance Company from a judgment rendered against it for $321.29 in favor of C. F. Gibson, receiver of Security Trust Company, upon a policy of fire insurance.

The policy was in the form of the "Texas Standard Fire Policy," and contained the usual exceptions from general liability. There was neither pleading nor proof to negative the existence of facts that might bring the loss within the exceptions. The judgment must therefore be reversed upon the ground of failure to make out a cause of action within the terms of liability under the policy. Boston Ins. Co. v. Fitzpatrick (Tex. Civ. App.) 75 S.W. (2d) 897, and cases there cited.

The insurance company had paid to a prior lienholder, named as the mortgagee in the mortgage clause attached to the policy, the amount of that lienholder's debt and had taken an assignment of its lien. There may have been various considerations that prompted the payment to the prior lienholder. It cannot be implied from that payment having been made that the insurer admitted the fire to have been within the coverage of the policy. This case is distinguishable from New York Underwriters Insurance Co. v. Shanks (Tex. Civ. App.) 78 S.W.(2d) 1026. In that case the appointment of appraisers for the adjustment of the loss with the claimant was held to be a recognition that the loss was within the terms of the policy. But in this case there has been no act of admission as between the insurer and defendant in error. There was no privity between defendant in error and the prior lienholder, to whom a payment was made, so as to constitute an admission available to defendant in error.

As it is intimated in the briefs that the evidence upon a future trial may be different, other questions presented are not considered necessary to be discussed.

The judgment of the district court is reversed, and the cause remanded.