### REPUBLIC INS. CO. v. DICKSON.

#### No. 3119.

Court of Civil Appeals of Texas. Beaumont.

Nov. 19, 1937.

Rehearing Denied Dec. 8, 1937.

Smithdeal, Shook, Bowyer & Lefkowitz, of Dallas, for appellant.

Dallas Ivey, of Center, for appellee.

O'QUINN, Justice.

This is an appeal by the Republic Insurance Company from a judgment against it in favor of J. W. Dickson on a fire insurance policy. This is the third appeal in this case. The first is reported in (Tex.Civ. App.) 69 S.W.2d 599. The second in (Tex. Civ.App.) 87 S.W.2d 899. The facts on this appeal are practically as in each of the former appeals. For brevity we refer to the above reports for the statement of the facts involved.

The plaintiff's petition herein identified the policy and stated the obligation thereof in general terms. The policy was in the form known as the "Texas Standard Fire Policy," which is prescribed by the State Insurance Commission pursuant to statute. The policy contained the following provision, making exceptions from the general liability imposed by the policy: "This company shall not be liable for loss caused directly or indirectly by invasion, insurrection, riot, civil war or commotion, or military or usurped power, or by order of any civil authority; or by theft; or by neglect of the insured to use all reasonable means to save and preserve the property at and after a fire or when the property is in danger by fire in neighboring premises; or (unless fire ensues, and, in that event, for the damage by fire only) by explosion or any kind, or lightening; but liability for direct damage by lightening may be assumed by specific agreement hereon."

Appellant's first assignment of error complains that appellee's petition failed to allege that the fire did not occur under any of the conditions excepted from the obligations of the policy. In his petition appellee alleged: "That the fire was not the result of a cause for which the de-

fendant was exempted from liability by the terms of the policy."

It is well settled that in suits on policies such as here the plaintiff must allege and prove facts that bring the loss within the general obligations of the policy and that take it out of the specified exceptions from liability. Coyle v. Palatine Insurance Co. (Tex.Com.App.) 222 S.W. 973, 975. Chicago Fire & Marine Ins. Co. v. Foley (Tex. Civ.App.) 58 S.W.2d 174; American Insurance Co. v. Maddox (Tex.Civ.App.) 60 S.W.2d 1074; Boston Insurance Co. v. Fitzpatrick (Tex.Civ.App.) 75 S.W.2d 897; Pelican Insurance Co. v. Co-operative Ass'n, 77 Tex. 225, 13 S.W. 980; Phoenix Insurance Co. v. Boren, 83 Tex. 97, 18 S.W. 484. We think the allegation above quoted from plaintiff's petition is good as against a general demurrer, but, after a careful inspection of the record, we fail to find any proof to sustain the allegation. The allegation without proof to sustain it is without effect. As was stated by Judge Phillips, in Coyle v. Palatine Insurance Co., supra: "Without such proof, had it been required, evidence of a loss within the terms of the contract would have been incomplete, and hence liability under the contract would not have been established. Such exceptions have not the character of conditions subsequent. They are written into the contract to prevent their subject-matter becoming confused with its general portion. Their effect is to declare that there shall be no liability under the contract which is not clear and independent of them. The burden of establishing such a liability is upon him who asserts it. The matter presented by such exceptions in the contract is therefore not defensive. In its essential nature it is affirmative. It is made so by the terms of the contract. Such is the settled rule in this court." The assignment must be sustained.

■ Appellant, by its 13, 14, 15, and 16 assignments, complains that the court erred in allowing appellee to make a second speech to the jury when appellant had not addressed the jury; that is, to make an opening speech to the jury and when, because of appellee's counsel not discussing the issues submitted in the court's charge, appellant's counsel did not offer or make any speech, then to allow appellee's counsel, over the objections of appellant, to make a second speech in which he fully discussed each issue (30 of them) and the evidence adduced, covering the whole case, which he had not done in his opening speech. Rel-

ative to these assignments, the record reflects the following: When the evidence was concluded and the court had delivered his charge to the jury submitting 30 special issues appellant's counsel made his opening speech to the jury consuming some ten minutes of time, discussing the case generally, but not discussing or referring to any of the special issues, or relating any of the evidence to any of them, and closing stated to the jury and to appellant's counsel that he would in his closing argument take up and discuss the several special issues. Counsel for appellant then stated to the court that he would not argue the case, whereupon the court announced that whether counsel for appellant argued the case or not that counsel for appellee would be permitted to close the argument and to discuss the special issues, and that in view of this ruling if counsel for appellant desired to argue the case he could do so. Counsel for appellant thereupon excepted to the ruling, and declined to address the jury. Counsel, for appellee under the ruling of the court and over the objections of appellant, then proceeded to again address the jury and took up and fully discussed each of the thirty special issues and the evidence relating to them, in a speech of four times the length of his opening argument. All this appears by bill of exception duly preserved and approved by the court with qualifications. The qualifications are in substance that no motion or request was made to compel counsel for appellee to fully open his case by discussing the issues and facts relied upon to establish his right to recover, and that counsel for appellant had the opportunity to have addressed the jury.

Rule 36 governing trials in district and county courts provides:

"Trial; Argument, Order of.

"In all argument, and especially in argument on the trial of the case, the counsel opening shall present his whole case as he relies on it, both of law and facts, and shall be heard in the concluding argument only in reply to the counsel on the other side."

It has been held where counsel for plaintiff makes an opening argument and discussed the issue relied upon for recovery and counsel for defendant then declined to argue the case, and the court refused permission of another counsel for plaintiff to make another and further argument for plaintiff, that an absolute right to further argument did not exist, and that under the facts there it was within the discretion of

the court to permit additional argument and that the court did not abuse his discretion in refusing further argument. Oden v. Texas & P. Railway Co. (Tex.Civ.App.) 9 S.W.2d 367, 371. It is the intent of the rule, and it is but fair, that a litigant shall in his opening argument to the jury present his whole case both as to the law and the facts upon which he relies to recover, and that in his closing argument be heard only in reply to what counsel for the other side has presented. The rule plainly so states. Rule 36. Bender v. Mettler (Tex.Civ.App.) 17 S.W.2d 182; Teague Sewer Co. v. Benbrook (Tex.Civ.App.) 38 S.W.2d 845. Dallas Railway & Terminal Co. v. Burns (Tex. Civ.App.) 60 S.W.2d 801.

In the instant case, counsel for plaintiff, as shown by the court's qualification to the bill of exception, "addressed the jury, discussing the facts of the case generally, but not reading, discussing or arguing any of the special issues. I did not keep the time consumed in the argument but it was approximately ten minutes. Plaintiff's attorney then stated to the jury and to counsel for appellant that in closing after defendant's attorney had spoken, he would take up and discuss in detail the special issues."

This was not in compliance with either the letter or the spirit of the rule. It was the duty of counsel for plaintiff to comply with the rule, and in his opening argument to fully and fairly present his whole case, all of the matters upon which he relied for recovery, so that counsel for defendant might reply to same. When he did not do so, and counsel for defendant because of this refrained from making an argument, there was nothing for counsel for plaintiff to reply to, and it was error for the court, over the objection of the defendant, to permit plaintiff's counsel to then discuss the special issues covering the case which he had failed to do in his opening argument.

The court in his qualification to the bill states that when counsel for defendant declined to argue the case and objected to counsel for plaintiff making a further argument, that he stated to counsel for defendant that whether he argued the case or not permission would be given plaintiff's counsel to make a closing speech, and that if counsel for defendant, in view of this ruling, desired to make an argument he could do so, but that counsel for the defendant declined to make an argument, and excepted to the action of the court. That counsel for defendant, under the circumstances, de-

clined to argue the case, did not destroy his right to stand upon the enforcement of the rule. He had the right to do so as the rule was for his protection, and he did not waive or forego same by declining to argue the case under the circumstances.

A similar status occurred in the case of Teague Sewer Co. v. Benbrook, supra. There plaintiff's counsel in opening his case did not discuss any of the issues submitted by the court, and made no reference to them. Counsel for defendant then moved the court to require plaintiff to open the case as required by the rule, which the court refused to do, to which action exception was taken. Counsel for defendant then presented his argument, and counsel for plaintiff then made the closing argument in which he discussed all of the special issues to none of which he had referred to in his opening argument. On appeal this was held reversible error.

A like situation arose in Bender v. Mettler, supra. There counsel for plaintiff in his opening argument discussed four of the ten special issues submitted by the court. Defendant's counsel objected because the case had not been fully opened, and moved the court to require counsel for plaintiff to present whatever argument he had on the remaining six special issues which he had not discussed. Exception was taken to the action of the court in refusing the motion. Counsel for defendant then presented argument to the jury, after which counsel for plaintiff made an extended closing argument in which he discussed the six special issues submitted, which he had not discussed in his opening argument. On appeal this was held reversible error. The assignments are sustained.

Assignments 10, 11, and 12 assert that the court erred in overruling its special exceptions to that portion of appellee's petition wherein he pleaded that if appellant, at the time its agent inspected the insured premises and found it vacant, had because thereof intended to cancel the policy in question and to terminate the protection afforded by the policy, had given reasonable notice to appellee of such intention, that he, appellee, could have and would have secured other insurance to protect his building, the insistence being that such pleading was but the conclusions of the pleader and not a statement of fact. We overrule these assignments. Appellee pleaded that the policy contained a provision that appellant would give appellee five days' notice of in-

tent to cancel the policy, and that if appellant had at any time intended to cancel the policy, under the contract it should have given him notice of same, in which event he could have and would have obtained other insurance covering the property, and thus have protected same. This was not the statement of pleader's conclusion, but a statement of fact. The ability to secure the new insurance, or the source of same, was not involved in the pleading.

Several assignments asserting that it was error to submit questions involving undisputed facts to the jury for their finding are presented. It is not necessary to submit to a jury for its finding facts that are undisputed; but it is not always error to do so. We fail to see how any of the issues so submitted did or could have worked prejudice to appellant. It is urged that some of them intended to give undue emphasis to the facts involved. While not necessary for submission, still we do not think prejudice did result or was likely to result from the submission.

Other assignments are presented relative to questions involved in the prior appeals herein (see 69 S.W.2d 599, and 87 S.W. 2d 899). We adhere to our holdings thereon in said former appeals, and here refer to said reports for their nature and our disposition of same.

For errors discussed, the judgment must be reversed and cause remanded for another trial, and it is so ordered.

Reversed and remanded.