**THE LIVERPOOL & LONDON & GLOBE INS. CO., Ltd., v. MOODY et al.**

**No. 11260.**

Court of Civil Appeals of Texas. Galveston.

Oct. 9, 1941.

Wood, Morrow, Gresham & McCorquodale, John C. Williams, and Sam W. Cruse, all of Houston, for appellant.

No brief filed for appellees.

GRAVES, Justice.

This appeal is from a $557.24 judgment against appellant and in favor of the appellees, entered by the county court of Wharton County on a jury's verdict in response to two special issues submitted, as for the amount of the loss suffered by them on their furniture and fixtures in their cafe at El Campo on September 18 of 1939 from a fire, the risk of which had been covered by a fire insurance policy issued by the appellant to them.

The findings under the two special issues were (1) that appellees had not failed to furnish appellant within 91 days of the time of the fire with a sworn proof of loss as required by the terms of the policy, and (2) that appellees were entitled to recover from the appellant under the fire insurance policy in question the sum of $557.24.

The cause was submitted to this court without oral arguments and upon briefs for the appellant only, the appellees having submitted none.

In prosecuting the appeal the appellant has followed the very commendable practice, now growing in use at the Bar, to reduce the briefs to a minimum by submitting by a number of assignments of error but one real contention to this court, which it succinctly states as follows:

"Where the plaintiff in a suit on a fire insurance policy makes the policy a part of his pleading, and such policy contains the usual exceptions to liability, it is incumbent on him in both his pleading and his evidence to negative these exceptions,

otherwise a judgment cannot be rendered in his favor against the insurer."

On examining the record it is found that the policy here in suit contained the usual exceptions in one of this sort to liability upon the part of the insurance company, which were as follows:

"This company shall not be liable for loss caused directly or indirectly by an invasion, insurrection, riot, civil war, or commotion of military or usurped power, or by order of any civil authority; or by theft, or by neglect of the insured to use all reasonable means to save and preserve the property at and after a fire, or when the property is endangered by fire in the neighboring premises; or (unless fire ensues, and in that event, for the damage by fire only) by explosion of any kind, or like; but liability for direct damage by lightning may be assumed by specific agreement hereon. If a building or any part thereof falls, except as a result of fire, all insurance by this policy on such building or its contents shall immediately cease."

The entire policy was copied into the statement of facts and the quoted exceptions have been taken verbatim therefrom.

■■ In so suing upon the policy, which was a standard one for fire insurance, the appellees alleged that their furniture and fixtures were damaged by fire on the date indicated supra, and attached to and made a part of their petition the entire policy as issued to them, inclusive of the quoted exceptions therein appearing.

A careful examination of their trial petition discloses that they made no allegations therein as to the origin or cause of the alleged fire, and, furthermore, that such pleadings failed to negative in any way the fact that the fire declared upon occurred from any of the excepted causes so specified in the quoted exceptions to liability.

Likewise, the statement of facts brought up on the appeal fails to show that the appellees introduced any evidence that would show the origin or cause of the fire declared upon or that would negative the fact that it occurred because of any one of the excepted causes so contained in the policy; indeed, there seems to have been a complete absence of any evidence whatever tending to show the origin or cause of the fire, which fact the record shows counsel for the appellees admitted in this statement in his opening argument to the jury:

"The insurance covered certain fixtures and supplies that they had in their cafe over at El Campo. Approximately a month afterwards, this fire loss occurred. We don't know what caused it; the evidence doesn't show what caused it, but the fact remains the fire did happen, and in such event liability upon the policy would result."

These two omissions, thus occurring in both the pleading and proof, were each fatal to the judgment rendered, in that it has been the well settled rule in Texas for many years that the plaintiff has the burden both in pleading and in proof of negativing any exceptions to liability in the policy declared upon on the part of the defendant-insurer; these authorities, among many others, make manifest the application of that rule to this cause: Pelican Fire Insurance Co. v. Troy Co-op. Association, 77 Tex. 225, 13 S.W. 980; Phoenix Ins. Co. v. Boren, 83 Tex. 97, 18 S.W. 484; Travelers' Ins. Co. v. Harris, Tex.Com.App., 212 S.W. 933; American Ins. Co. v. Maddox, Tex.Civ.App., 60 S.W.2d 1074; American Central Ins. Co. v. Martin, Tex.Civ.App., 140 S.W.2d 897; International Travelers Association v. Marshall, 131 Tex. 258, 114 S.W.2d 851; Boston Ins. Co. v. Fitzpatrick, Tex.Civ.App., 75 S.W.2d 897; Century Ins. Co. v. Hogan, Tex.Civ.App., 135 S.W.2d 224; Chicago Fire & Marine Ins. Co. v. Foley, Tex. Civ.App., 58 S.W.2d 174; General Exchange Ins. Corp. v. Appling, Tex.Civ. App., 144 S.W.2d 699.

Further discussion is deemed unnecessary since these conclusions determine the merits of the appeal; they require that the judgment be reversed and the cause remanded in accordance with the appellant's prayer; it will be so ordered.

Reversed and remanded.