## SUBLETT v. AMERICAN NAT. INS. CO.
### No. 2805.

Court of Civil Appeals of Texas. Eastland.
May 12, 1950.

Rehearing Denied June 9, 1950.

Fleming A. Waters, Cisco, for appellant.

Turner & Seaberry, Eastland, Dibrell, Dibrell & Greer, Galveston, for appellee.

GRISSON, Chief Justice.

Galen A. Sublett sued American National Insurance Company on two insurance policies for $500.00 and $425.00, respectively, on the life of J. G. Sublett. Said policies provided for double indemnity for accidental death, with certain exceptions.

The insurance company admitted in its answer that it was indebted to the plaintiff for $925.00 under said policies and tendered said amount into court. The insurance company alleged that the only matter in dispute was whether plaintiff was entitled to recover under the double indemnity provisions of the policies. It alleged that the first policy provided that double indemnity should not be paid if "the injury resulted from any violation of law by the insured" and the second provided that the double indemnity provision should not apply "if * * * death resulted (a) from the insured engaging in a felony or the insured committing, or attempting to commit" an assault. The insurance company alleged it was not liable for double indemnity because the insured received an injury while violating the law, in that, he was making an assault upon H. O. Green and that the insured was the aggressor in an altercation with H. O. Green, which caused his death. The parties entered into the following stipulation:

"It is stipulated and agreed that after proofs of loss were made by the plaintiff in this case, the defendant issued its check No. 716217 in the sum of Nine Hundred Twenty-Six and 29/100 Dollars ($926.29), dated March 30, 1949, payable to Galen A. Sublett, * * * which check was tendered to the plaintiff in payment of the amounts due under the policy and refused. The amount stated in the check, $926.29, covers the face value of the two policies, to-wit, Five Hundred ($500.00) Dollars and Four Hundred Twenty-Five ($425.00) Dollars, and One dollar and twenty-nine cents ($1.29), being premium returned or refunded for three weeks, making up the total.

"It is further agreed that this check may be deposited with the District Clerk of Eastland County and be accepted as full tender in lieu of cash, to be disposed of by the order and judgment of the Court to be entered herein.

"It is further stipulated that the check is irrevocable; that payment may not be stopped thereon by the defendant and that before the proceeds of the check are received, it must be endorsed by the plaintiff, Galen A. Sublett, to whom it is payable.

"And the stipulation may show that the check which has just been described has been delivered to the District Clerk."

Plaintiff prayed for judgment for $1,850.00, twelve per cent penalty, attorney's fees and court costs. Plaintiff filed a motion for judgment for the damages prayed for because defendant had moved for an instructed verdict without offering testimony, "thereby admitting the truth of all of plaintiff's testimony which shows undisputably that the insured, J. G. Sublett, was killed, or rather died, as a result of knife wounds inflicted upon him by one H. O. Green, which taken with the two legal

presumptions, 1. that the death was due to accidental means, and 2. that the insured was not engaged in the commission of a crime, established a prima facie case to which the defendant offered no evidence. * * *" Defendant filed a motion for an instructed verdict which recited that defendant had theretofore offered to pay the plaintiff and had tendered into court a check for $926.29 and that it has been stipulated that the delivery of said check into the registry of the court was a full legal tender; that plaintiff had wholly failed to prove he was entitled to recover double indemnity, because he had failed to discharge the burden of proving that (a) the deceased died from accidental means and that (b) the exclusions of the policies were not applicable; that plaintiff had failed to prove deceased was not violating the law and was not making an assault upon Green when he was killed and had failed to prove that Green was the aggressor in an altercation with Sublett and failed to prove that Sublett was not the aggressor in an altercation with Green. It further alleged that the evidence offered by the plaintiff showed affirmatively that Sublett was violating the law and making an assault upon Green just prior to his death; that Sublett was the aggressor; that Green was acting in self-defense; that Sublett provoked a difficulty with Green resulting in Sublett's death, that, as a consequence, the defendant was not indebted to the plaintiff, except for the amount tendered into the court, and plaintiff was not entitled to recover penalty, attorney's fees or costs. Plaintiff's motion was overruled and defendant's motion for an instructed verdict was granted. Judgment was rendered that plaintiff recover of defendant the $926.29 tendered to plaintiff and denying plaintiff recovery for double indemnity, penalty, attorney's fees and costs. Sublett has appealed.

Appellant's points are (1) that the court erred in granting appellee's motion for an instructed verdict, (2) in refusing appellant's motion for an instructed verdict, (3) in denying appellant judgment for penalty and attorney's fees and (4) in overruling plaintiff's motion to require the clerk to deliver to him the money tendered into court.

The substance of appellant's main contentions is (a) that he introduced evidence tending to show that the insured died as a result of violent and external wounds and, appellee having offered no evidence, a presumption of law arose that his death was accidental; and, (b) that the burden was upon appellee to both plead and prove that the exceptions, or exclusions, stated in the policies were applicable.

Under the former rule appellant would have been required, in order to recover for accidental death under the double indemnity provision of the policies to both allege and prove that none of the exceptions stated in the policies were applicable. The former rule was changed as to pleading but not as to the burden of proof, by Texas R.C.P. 94, which provides: "Where the suit is on an insurance contract which insures against certain general hazards, but contains other provisions limiting such general liability, the party suing on such contract shall never be required to allege that the loss was not due to a risk or cause coming within any of the exceptions specified in the contract, nor shall the insurer be allowed to raise such issue unless it shall specifically allege that the loss was due to a risk or cause coming within a particular exception to the general liability; provided that nothing herein shall be construed to change the burden of proof on such issue as it now exists."

As heretofore shown, appellee specifically pleaded exceptions stated in the policies to liability under the double indemnity provisions of the policies. A plaintiff still has the burden of proving that his case does not come within the exceptions from liability stated in the insurance policy sued on when the defendant alleges the loss was due to a risk within such exceptions. Appellant had the burden of proving, relative to one policy, that deceased's injury was *not received by reason of any violation of the law by him* and, as to the other, that insured's death did not result from the insured engaging in a felony or committing, or attempting to commit, an assault, be-

cause these instances were excepted from the coverage of said policies. In International Travelers Ass'n v. Marshall, 131 Tex. 258, 114 S.W.2d 851, the Supreme Court of Texas held, in a suit on an accident policy, that the burden was on the plaintiff to both allege and prove that the insured's death was caused by accident and did not come within policy exceptions exempting the insurer from liability. In Travelers Insurance Co. v. Harris, Tex. Com.App., 212 S.W. 933, the Commission of Appeals held that where an accident policy contained exceptions, such as a provision that the policy should not cover accidents resulting from trying to enter or leave a moving conveyance using steam, the plaintiff had the burden of establishing that the accident, which was the basis of his suit, did not fall within the exceptions. This holding was approved by the Supreme Court. See also Woodmen of World Life Ins. Soc. v. Smauley, Tex.Civ.App., 153 S.W.2d 608 and Great Southern Life Ins. Co. v. Akins, Tex.Civ.App., 105 S.W.2d 902, Writ Ref. These decisions were made prior to the change in the burden of pleading by R.C.P. 94. There has been no change as to the burden of proof. See also Pan-American Life Ins. Co. v. American Industrial Inv. Co., Tex.Civ.App., 207 S.W. 2d 173, 178, Writ Ref.; Liverpool & London & Globe Ins. Co., Ltd. v. Moody, Tex. Civ.App., 154 S.W.2d 872.

We have carefully studied the entire statement of facts. The evidence tends to show, if it does not prove conclusively, that insured's death resulted from his violation of the law, that is, from assaulting or attempting to assault Green. There was no evidence sufficient to raise a question of fact negativing the applicability of the exceptions. To quote all the testimony sustaining this conclusion and showing that appellant failed to produce evidence that the injury received by the insured did not result from his violation of the law and that he was not committing or attempting to commit an assault on Green would require copying most of the statement of facts in this opinion and extend it to an unreasonable length. The burden of proving that the exceptions did not apply was upon appellant and the trial court properly instructed a verdict for appellee.

According to the stipulation, appellee tendered to appellant all that it owed him and appellant refused to accept it. Appellant, therefore, did not show the right to recover penalty and attorney's fees. Appellant also contends the court erred in not ordering the clerk to immediately pay to him the $926.29 paid into the registry of the court by appellees. In his brief, appellant says that appellee admitted liability for the face of the policies and plead a tender of such amount to defeat liability for penalty and attorney's fees but that "it never made an unqualified offer of the money but at all times insisted upon a release from liability under the double indemnity provisions of the policies as a condition precedent to its surrender of the face amount." That contention is not conclusively shown by the record. The stipulation recited that appellee tendered $925.00 to appellant and he refused to accept it. See Foran v. Smith, Tex.Civ. App., 228 S.W.2d 251, 256.

The judgment is affirmed.