**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

.v.

**C. W. JONES, Appellee.**

No. 15840.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 25, 1957.

Rehearing Denied Nov. 22, 1957.

Burford, Ryburn, Hincks & Ford and Howard Jensen, Dallas, for appellant.

Peery & Wilson and Bob L. Wilson, Wichita Falls, for appellee.

BOYD, Justice.

Appellee C. W. Jones recovered judgment against appellant Texas Employers' Insurance Association for workmen's compensation for total and permanent disability. The trial was to a jury, and there is no contention that the evidence was insufficient to support the verdict.

In his original petition, appellee alleged that the injury which caused his disability occurred on December 9, 1955. Appellant alleged that appellee sustained accidental injury on December 13, 1955; that the injury sustained by him on December 9 was in no way disabling, and that if appellee had any disability it was caused by the injury of December 13; and, in the alternative, if both accidents contributed to any resulting disability, the court and jury should determine the percentage of disability attributable to each accident, since the last injury was separate, distinct and compensable. In a trial amendment appellee denied that he received any injury on December 13, but alleged that if he did it was sustained in the course of his employment with the same employer and aggravated the previous injury and became a producing cause of his total and permanent disability.

By its first four points of error, appellant contends that Issue No. 1, which inquired if appellee was an employee on or about December 9, unduly emphasized appellee's theory as to the date of the injury; that Issue No. 2, inquiring wheth-

er appellee sustained an injury on or about December 9, was a comment on the weight of the evidence; that Issue No. 4, which inquired whether such injury, if any was found in answer to No. 1, was received in the course of appellee's employment, unduly emphasized appellee's theory as to the date of the injury; and that the court erred in referring only to the injury of December 9 in Issues Nos. 1 to 14, and in submitting those issues in such form as to apprise the jury of the effect of any finding that appellee sustained injury on December 13.

In answer to Issue No. 15, the jury found that appellee did not sustain injury on December 13.

There was no denial that appellee was an employee on December 9, or that he sustained injury on that date. Appellant so admitted in answer to requests for admissions. The alleged injury of December 13 was not alluded to in the first 14 issues. They inquired whether appellee was an employee on December 9; whether he sustained injury on that date; whether such injury, if any, was received in the course of employment; and the other issues related to the amount and character of his disability.

It is appellant's contention that inasmuch as it admitted the injury of December 9, and that appellee was an employee on that date, the submission of such uncontroverted issues, along with issues as to appellee's disability based on the injury of December 9, was error requiring a reversal.

■ We agree with appellant that it is unnecessary to submit uncontroverted issues, but such submission is not always error. We do not think that appellant was prejudiced by the submission of any issue from No. 1 to No. 14. Guffey v. Collier, 203 S.W.2d 812; Southern Underwriters v. Boswell, Tex.Civ.App., 141 S.W.2d 442, affirmed 138 Tex. 255, 158 S.W.2d 280; Republic Ins. Co. v. Dickson, Tex.Civ.App., 110 S.W.2d 642; Rule 434, Texas Rules

of Civil Procedure. Appellant's defensive issues were submitted in a manner not complained of; and we cannot say that the record in respect of the submission of issues reflects any error which was calculated to and probably did cause the rendition of an improper judgment.

■ Complaint is made of the court's refusal to permit appellant to read to the jury the allegation in its answer that it had furnished medical services to appellee at a cost of $1,797.80. Appellant's answer to requests for admissions was read to the jury, wherein appellant admitted that it authorized Drs. Maxfield, Mansur, and Van Deventer to examine and treat appellee and has paid them for their services; that appellee went to Dr. Lovett of his own volition, but that appellant either has paid or will pay Dr. Lovett for his services; that Dr. Lovett referred appellee to Dr. Boland, and appellee went to Dr. Boland of his own volition, and that after Dr. Boland's initial examination of appellee, appellant authorized the Doctor to perform an operation on appellee, and has paid or will pay Dr. Boland for his services in examining, treating, and operating appellee; and that appellant has also paid hospital, nursing and other medical expenses in connection with the operation. The amount of such payments, however, was not disclosed. Appellee did not seek recovery for medical bills, and we think the allegations bore on no issue in the case. The point is overruled.

We do not perceive error in the court's overruling appellant's objections to appellee's testimony with reference to the refusal of certain doctors to furnish him a written medical report, and its objections to the cross-examination of Dr. Boland in reference to appellee's requesting a medical report and as to the Doctor's furnishing a medical report to appellant.

Appellant's counsel asked appellee the following question, "You didn't go to Doctor Estes for treatment; you just went to him

**136**

for examination for the purpose of his testifying in Court, didn't you?" and appellee answered, over appellant's objection, "Well, I went for the purpose that we hadn't been able to get a report from any of the doctors. * * * I was unable to get any reports from the doctors that I had been to. since surgery. and from the doctors that had seen me since my surgery or anything, and I felt like I needed a full report on my condition from a doctor that was impartial."

After this episode, appellee was permitted to testify that he tried to get written reports from Drs. Lovett and Boland. Dr. Boland performed the surgery and Dr. Lovett examined and treated appellee before the surgery and saw him after surgery. Appellee's counsel cross-examined Dr. Boland as to why. he refused to give appellee a written report, and proved by the witness that he had given appellant such a report.

 We cannot agree with appellant that Rule 167, T.R.C.P., prohibits the testimony complained of. We think that appellee had the right to show that the physicians who had examined and treated him, at his own request and volition, refused to give him the information they obtained by such examinations and treatment. We think he was entitled to it, in the form requested. They had accepted him as their patient. It was his body which had been injured. What the doctors knew, they learned from examining him. The fact that under the law appellant was required to pay the doctors for their services to appellee is beside the point. Medical attention was necessary regardless of whether there was to be compensation or a lawsuit. We may suppose that an injured person who seeks medical aid is interested in getting well, and in learning the extent of his recovery.

Appellee testified that he wanted to know what was done at the time of the surgery and what was wrong with his shoulder and arm. Either doctor could have given him

that information. He said he then went to Dr. Estes because he could not get a report from the other doctors.

Appellee did not seek to introduce the reports. He merely showed that the doctors refused to give him the reports. Dr. Boland testified that appellee was from 25 per cent to 30 per cent disabled, and that with some limitation as to his lifting, he could go back to his employment as a truck driver. The evidence may have tended to show bias on the part of the witness. Texas Employers' Ins. Ass'n v. Crain, Tex.Civ. App., 259 S.W.2d 905; McCormick and Ray, Texas Law of Evidence, 2d Ed., Vol. 1, p. 519, sec. 677.

The judgment is affirmed.